See also 163 F.Supp.2d 227.

**Eric RUBIN–SCHNEIDERMAN,**
**Plaintiff–Appellant,**

v.

**MERIT BEHAVIORAL CARE CORPORATION, Sati Ahluwalia, Empire Blue Cross and Blue Shield, Defendants–Appellees.**

No. 05–5851.

United States Court of Appeals, Second Circuit.

Aug. 14, 2006.

Whitney North Seymour, Jr., New York, NY, for Appellant.

Jonathan K. Cooperman, Kelley, Drye & Warren (Jennifer A. Huber, of counsel), New York, NY, for Appellees Merit Behavioral Care Corporation and Sati Ahluwalia.

Daly D.E. Temchine, Epstein Becker & Greene, P.C., New York, NY, for Appellee Empire Blue Cross and Blue Shield.

PRESENT: Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges, and J. Hon. GARVAN MURTHA,* District Judge.

## SUMMARY ORDER

The plaintiff, Eric Rubin–Schneiderman, brought suit against the defendants—Empire Blue Cross and Blue Shield ("Empire"), his health insurance company; Merit Behavioral Care Corporation ("Merit"), the company that performs utilization review of mental health services for Empire; and Sati Ahluwalia, an employee of Merit—under section 502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3). He alleged that the defendants negligently failed to authorize his hospitalization in a psychiatric facility and that, as a result of this negligence, he suffered permanent injury from a failed suicide attempt. The district court granted the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the ground that, under recent Supreme Court precedents beginning with *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), the monetary damages Rubin–Schneiderman sought were unavailable under ERISA § 502(a)(3). [SPA 3–6]

Rubin–Schneiderman's primary argument on appeal is that *Mertens* was wrongly decided and we should not follow it. But "[w]e cannot overrule the Supreme Court." *Bach v. Pataki*, 408 F.3d 75, 86 (2d Cir.2005); *see also Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989); *Cicio v. Does*, 321 F.3d 83, 106–07 (2d Cir.2003) (Calabresi, *J.*, dissenting in part), *vacated and remanded*, 542 U.S. 933, 124 S.Ct. 2902, 159 L.Ed.2d 808 (2004). *Mertens* and its progeny are binding on us and we are obliged to follow those decisions. *See, e.g., Coan v. Kaufman*, 457 F.3d 250, 262–63 (2d Cir.2006).

Rubin–Schneiderman also urges us to adopt Justice Ginsburg's suggestion in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004), that monetary relief under section 502(a)(3) may be more widely available in suits against ERISA fiduciaries than against non-fiduciaries. *See id.* at 223–24, 124 S.Ct. 2488 (Ginsburg, *J.*, concurring). As we recently concluded, however, the fact that a defendant is a fiduciary does not change the requirement of section 502(a)(3) that the relief sought be "equitable." *See Coan*, at 263–64; *Sereboff v. Mid Atlantic Med. Servs., Inc.*, —— U.S. ——, 126 S.Ct. 1869, 1874, 164 L.Ed.2d 612 (2006). Because Rubin–Schneiderman is seeking compensatory monetary damages, a legal remedy, he cannot proceed under ERISA § 502(a)(3).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

* Of the United States District Court for the    District of Vermont, sitting by designation.